## JOHN L. BAKER *vs*. HARRIS B. SNOW.

### Cumberland.   Opinion March 26, 1920.

*Trespass quare clausum. Prescriptive title. Distinction as to admissibility of evidence, where claim is based on prescriptive title, and where by grant.*

Action of trespass quare clausum.   Heard on exceptions and general motion for new trial.

*Held:*

1.   In cases where a party seeks to sustain a prescriptive title to real estate, payment of taxes assessed upon land, by the party, may be offered to show the character of the occupation.   But where, as in the case at bar, the trespass is upon land which the plaintiff claims to own by grant, such evidence is inapplicable and was properly excluded.

2.   The defeated party fails to sustain the burden of showing that the verdict of the jury was clearly wrong.

Action of trespass quare clausum.   Defendant pleaded general issue.   Verdict for defendant.   Plaintiff filed exceptions to the exclusion of certain evidence which he offered, and also filed a general motion for new trial.   Exceptions overruled.   Motion overruled.

Case stated in the opinion.

*Leroy Haley, and R. P. Hanscom,* for plaintiff.
*A. F. Moulton,* for defendant.

SITTING:   CORNISH, C. J., SPEAR, HANSON, PHILBROOK, DUNN, MORRILL, DEASY, JJ.

PHILBROOK, J.   This is an action of trespass quare clausum and arose from the fact that the defendant cut certain trees on land which the plaintiff claimed to own.   Verdict having been rendered for the

defendant, the case comes to this court on plaintiff's general motion for new trial and upon his exception to the exclusion of certain evidence which he offered. The following sketch will approximately illustrate the contentions of the parties.

The plaintiff introduced a warranty deed, dated December 1, 1841, from Solomon Harford to Isaac C. Barker, father of the plaintiff, and an excerpt from the will of the father devising the Harford land to the plaintiff. The westerly bound of the land described in the Harford deed was the "Town Road," which here appears as the "Ross Road."

The plaintiff claims that the southeasterly line of the land conveyed by Harford to the father, and by the father devised to the plaintiff, is the line BE, and that the northeasterly bound of the same land is the line AB. He also claims to have acquired by prescription the adjacent triangular lot ABF.

The defendant, conceding nothing as to the true location of the plaintiff's southeasterly line, insists that CD is the true location of the plaintiff's northeasterly line, and further insists that the plaintiff has gained no prescriptive rights in any land northerly of that northeasterly line.

The location of the trees which were cut down by the defendant is indicated by crosses on the sketch, a location which is southerly from the line claimed by the plaintiff as the northeasterly line of land devised to him by his father, and consequently not at all on land which he claimed by prescription.

*The exceptions.* Several exceptions were reserved during the presentation of evidence, but only one is now relied upon. After a large amount of testimony had been offered by the plaintiff, much of which related to his claim of prescriptive ownership of the triangular lot, he offered to show by the assessors of the town where the land was situated that he had paid taxes on the triangular lot. This evidence was excluded and the exception taken which is here relied upon. The rules of law relating to the evidential effect of payment of taxes by a person claiming land by prescription have been so recently stated by this court in *Smith* v. *Booth Brothers*, 112 Maine, 308; *Daly* v. *Children's Home*, 113 Maine, 528, and *Holden* v. *Page*, 118 Maine, 242, that reference to those cases is sufficient excuse for not here restating those rules. Moreover such restatement would in no way be applicable to the plaintiff's exception because he was not asserting trespass upon land to which he made claim by prescription, but upon land to which he distinctly and emphatically made claim by devise from his father. If the trespass had been committed north of the line AB, and upon land which the plaintiff claimed to own by prescription, we might be properly called upon to discuss the correctness or incorrectness of the ruling by which the assessors' testimony was excluded. Such is not the case. The trespass was committed upon the southerly side of the line AB, upon land which the plaintiff claimed by grant and not by prescription. The evidence of payment of taxes had no application, based upon the plaintiff's own claims, and was properly excluded.

*The motion.* The evidence is voluminous, confusing, and contradictory. No exceptions were taken to the charge of the presiding Justice and we must assume that the instructions upon matters of law were correct, clear and applicable to the facts. With the aid of those instructions, upon the several contentions as to the true location of the northerly line of the land which plaintiff acquired by devise from his father, and as to prescriptive claims upon the one side and the other, the jury found in favor of the defendant. We cannot say that under our well established rules in such motions the verdict should be disturbed.

> *Exceptions overruled.*
> *Motion overruled.*